IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET M. FRALIN, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | No. 06-2421 |
| v. | : | |
| | : | |
| C AND D SECURITY, INC. A/K/A | : | |
| C AND D SECURITY, | : | |
|     Defendant. | : | |

O'NEILL, J.                                                                                                 JUNE 6, 2008

## MEMORANDUM

Plaintiff Janet Fralin filed a complaint against defendant C & D Security on June 8, 2006. In her complaint she alleges that defendant discriminated against her on the basis of her race and gender in violation of Title VII. The complaint also included counts for violations of the Americans with Disabilities Act and state law claims for breach of contract and wrongful discharge. On May 30, 2007, I granted defendant's motion to dismiss plaintiff's ADA and wrongful discharge claims. I also dismissed plaintiff's request for attorneys' fees related to her breach of contract claim. Before me now are defendant's motion for summary judgment, plaintiff's response, and the reply and sur-reply thereto. For the reasons set forth below defendant's motion for summary judgment will be granted in part and denied in part.

## BACKGROUND

Plaintiff is an African American female. She was formerly employed by defendant as a security officer from September 2003 through September 13, 2004. Plaintiff completed an application for employment with defendant in October 2002 and indicated that she was available for work Monday through Friday, 8 a.m. to 4 p.m. She also stated that she was available to work

twelve hour shifts occasionally and was unavailable for weekend work and split shifts.

When plaintiff began her employment with defendant she was assigned to a Monday through Friday, 5:30 a.m. to 1:00 p.m. shift. Plaintiff worked this shift for approximately 10 months. On June 1, 2004, plaintiff was advised that her shift was no longer available. Plaintiff's supervisor, Fran Dunigan, testified that plaintiff's shift was no longer available because defendant's overtime expenses were excessive. Ms. Dunigan stated that based on excessive overtime expenses it was necessary to reassign plaintiff's shift. Plaintiff was subsequently assigned to work three consecutive twelve hour shifts from Monday through Wednesday beginning on June 7, 2004. Shortly after defendant reassigned plaintiff's shift two Caucasian male security officers were assigned to day shifts.

Upon receiving notice that her former shift was no longer available plaintiff informed her supervisor that she was unable to work the newly assigned twelve hour shifts. Plaintiff's treating therapist subsequently forwarded to defendant correspondence stating that plaintiff had been undergoing psychological treatment and that plaintiff should not work 12 hour shifts consistently. Plaintiff then provided her supervisors with alternative work schedules for which she was available. Defendant responded to plaintiff's proposal by offering her three shifts. Because it did not require any weekend work plaintiff was able to accept one of the shifts defendant offered. However, after plaintiff notified defendant that the shift was acceptable defendant informed her that the shift was no longer available. On June 9, 2004, plaintiff was placed in "on-call" status which required that she report when shifts were unmanned, other employees were sick, or shifts required personnel due to vacation schedules. Plaintiff was placed in "on-call" status from June 9, 2004 through the end of August 2004. On June 25, 2004 plaintiff formally requested that

defendant accommodate her alleged disability and provide shift work to accommodate her pursuant to the ADA.. During the time plaintiff was in "on-call" status defendant never called her to report to work.

Defendant denied plaintiff's request for accommodation of her disability on August 26, 2004. On the same date defendant also issued a directive requiring that plaintiff begin working from Sunday through Thursday 8 p.m. to 3:30 a.m. Plaintiff informed defendant that she was not able to work that shift and did not report to work as defendant directed. Defendant terminated plaintiff's employment on September 13, 2004.

Defendant presently moves for summary for judgment on the basis that any discriminatory action which occurred before August 26, 2004 should be dismissed as untimely because plaintiff filed her Charge of Discrimination with the EEOC on June 22, 2005. Defendant also argues that plaintiff's remaining claim for discriminatory termination should be dismissed as plaintiff failed to produce evidence giving rise to an inference of unlawful discrimination. Defendant further maintains that plaintiff has not established a genuine issue of material fact to refute defendant's proffered reason for plaintiff's termination. Defendant finally asserts that it's Employee Handbook is not a contract and that plaintiff's contract claim is pre-empted by the Pennsylvania Human Relations Act.

STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

3

Civ. P. 56(c) (2004).  The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions . . . which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  After the moving party has filed a properly supported motion, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e) (2004).

      I must determine whether any genuine issue of material fact exists.  An issue is genuine if the fact finder could reasonably return a verdict in favor of the non-moving party with respect to that issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue is material only if the dispute over the facts "might affect the outcome of the suit under the governing law."  Id.  In making this determination, I must view the facts in the light most favorable to the non-moving party, and the non-moving party is entitled to all reasonable inferences drawn from those facts.  Id.  However, the nonmoving party may not rest upon the mere allegations or denials of the party's pleading.  See Celotex, 477 U.S. at 324.  The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, mere suspicions.  Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).  If the evidence for the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted.  Anderson, 477 U.S. at 249-50 (citations omitted).

DISCUSSION

A.    Acts of Discrimination Which Occurred Prior to August 26, 2004 Are Time-Barred

      I first note that all of plaintiff's claims for discriminatory conduct which occurred prior to

August 26, 2004, must be dismissed as time-barred. Charges of employment discrimination must be filed with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Plaintiff filed her charge of discrimination with the EEOC on June 22, 2005. Three hundred days prior thereto is August 26, 2004. Therefore, all claims for discrimination prior to that date are time-barred. In her response to defendant's motion for summary judgment plaintiff does not oppose defendant's arguments on this issue and instead asserts that the discreet act of discrimination for which she seeks relief is her unlawful termination which occurred on September 13, 2004. Therefore, all clams for discriminatory conduct which occurred prior to August 26, 2004 are dismissed as time barred.

B.      Unlawful Termination

Despite defendant's arguments to the contrary I find that genuine issues of material fact exist regarding plaintiff's claims for discriminatory termination based on race and gender. To establish a prima facie case for discrimination a plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and, (3) similarly situated individuals not of her protected class were treated more favorably or that other circumstances exist which give rise to an inference of unlawful discrimination. Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999). Under the McDonnell-Douglas burden shifting scheme once plaintiff establishes prima facie case of discrimination, defendant is required to proffer a legitimate non-discriminatory reason for its action. The burden then shifts to plaintiff to demonstrate that defendant's explanation was a pretext for discrimination. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). On summary judgment, "the plaintiff generally must submit evidence which: 1) casts sufficient doubt upon each of the legitimate reasons proffered by

the defendant so that a factfinder could reasonably conclude that each reason was a fabrication; or 2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." Id. at 761. To discredit the employer's proffered reason the plaintiff must "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence,' Ezold, 983 F.2d at 531, and hence infer 'that the employer did not act for [the asserted] non-discriminatory reasons.'" Id. at 765.

    I find that plaintiff has submitted sufficient evidence to establish both a prima facie case of racial and gender discrimination and has also submitted sufficient evidence to discredit defendant's proffered reasons for plaintiff's termination. Defendant admits that plaintiff is a member of a protected class and that she suffered an adverse employment action. However, defendant denies that similarly situated individuals not of her protected class were treated more favorably and also denies that other circumstances exist which give rise to an inference of unlawful discrimination. Consequently, defendant argues that plaintiff cannot establish a prima facie case of discrimination. I disagree. Defendant attempts to limit plaintiff's classification to that of an employee who failed to report for work after being scheduled to do so. Defendant argues that because plaintiff's claim for discrimination is limited to the discreet act of termination its legitimate non-discriminatory reason for ending her employment was due to her failure to report to work after being placed on a graveyard shift. Although plaintiff's claims for acts of discrimination which occurred before August 26, 2004, are time barred those actions may nevertheless be considered by this court as background evidence in support of a timely filed

claim. In National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114, 122 S.Ct. 2061, 2073 (S. Ct. 2002.) the Supreme Court held that:

> discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. *Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.* (Emphasis added).

The background evidence plaintiff submitted establishes a prima facie case of discrimination and also points to weaknesses and inconsistencies in defendant's reasons for her termination.

On June 1, 2004, Plaintiff's supervisor informed her that her 5:30 a.m. to 1:00 pm shift was no longer available. The supervisor testified that plaintiff's shift needed to be changed due to defendant's need to reduce overtime expenses and to remedy staffing shortages. However, the supervisor also testified that she had no reports or other documentation which supported the alleged need to reduce overtime expenses. Furthermore, the scheduling for plaintiff's post was the only shift change made in response to the asserted need to reduce excess overtime expenses. I find the reasons defendant offered in support of the purported need to change plaintiff's shift sufficiently implausible and inconsistent to create a genuine issue of material fact. Plaintiff's shift change ultimately led to her being placed on-call and also to her being required to report to work a shift for which defendant knew she was unavailable.

Shortly after plaintiff's shift was reassigned she was informed that no day shift was available. However, within two weeks of plaintiff's reassignment two Caucasian male security

officers were assigned to day shifts. Again, although any cause of action for the discrete of possible discrimination are time barred, they nevertheless support plaintiff's claim for a discriminatory motive for plaintiff's termination. I also note that plaintiff was offered her choice of three shifts once she was re-assigned. However, when plaintiff accepted one of the shifts that was offered with an option to work on Saturdays she was then informed that the shift was no longer available or required mandatory weekend hours. Plaintiff was then placed on on-call status for almost the entirety of Summer 2004. Despite the fact that other employees worked 12 hour shifts and that defendant incurred overtime expenses during Summer 2004 defendant never called plaintiff to request that she report to work to cover any staffing shortages, to man shifts in an effort to reduce overtime expenses, or to accommodate vacation schedules. Given the foregoing, I conclude that plaintiff has provided the court with sufficient evidence to establish a prima facie case of discrimination and to raise a genuine issue of fact regarding pretext with respect of defendant's proffered reasons for plaintiff's termination. Therefore, defendant's motion for summary judgment with respect to plaintiff's race and gender discrimination claims will be denied.

C.    Breach of Contract

Plaintiff asserts that defendant's Employee Handbook created a contract under which defendant's security officers could only be removed for cause. Plaintiff further argues that defendant contracted with its employees to provide equal access to employment opportunities but instead asserts that nepotism pervades defendant's workplace. However, Pennsylvania law on this issue is well established. A contract overcoming the presumption of at-will employment must be clear and definite. Nix v. Temple Univ., 596 A.2d 1132, 1135 ( Pa. Super. 1991). To be

construed as a contract an employment handbook must contain unequivocal provisions that the employer intends to be bound by it and renounces the long-held principle of at-will employment. Reilly v. Stroehmann Bros. Co., 532 A.2d 1212, 1213 (Pa. Super. 1987). In this matter defendant's Employee Handbook expressly states that it does not constitute a contract. Plaintiff executed an Acknowledgement page which states: "I further understand that the Handbook does not form a contract for any specific term of employment between myself and my employer." (Def.'s Mot Summ J., Exh. D). Furthermore, despite plaintiff's assertions to the contrary nothing in the Employee Handbook can be construed to create a contractual obligation between plaintiff and defendant. Defendant's statement regarding it's commitment to providing equal employment opportunities does not create a contractual obligation. Defendant's motion for summary judgment will be granted with respect to this claim.

D.     Mitigation of Damages

Defendant maintains that it is entitled to summary judgment on plaintiff's claim for lost wages from 2005 forward. Defendant has correctly stated the law that an employee is not entitled to back pay where she has suffered a willful loss of earnings. See, Booker v. Taylor Milk Co., 64 F.3d 860, 864-66 (3d Cir. 1995). An employer is not liable for damages attributable to an employee's failure to mitigate lost earnings. Id. Nevertheless, defendant erroneously argues that plaintiff has failed to raise a genuine issue of material fact with respect to whether plaintiff willfully removed herself from the workforce after defendant terminated her employment. A review of plaintiff's deposition testimony reveals that although she cannot name specific places to which she submitted applications plaintiff claims to have applied for other security positions. Plaintiff's failure to recall and identify prospective employers to which she applied goes to her

credibility - an issue suited for judgment by the trier of fact.  Additionally, plaintiff testified that after defendant terminated her employment she worked as a security officer for Alrod Security.  Although defendant emphasizes that plaintiff only worked for Alrod for one day per week plaintiff also testified that at the beginning of her employment with Alrod she worked several days per week.  She also testified that Alrod personnel advised her that she would be able to work more hours after the departure of another Alrod employee.  However, she further testified that the employee did not leave Alrod's employ as anticipated.  Therefore, plaintiff continued to work only one day per week.  The contract Alrod had to provide services was eventually assumed by defendant.  Plaintiff also testified that she applied for security positions in Virginia and Georgia.  Therefore, plaintiff testified to efforts to obtain employment subsequent to her termination.  Therefore, a genuine issue of material fact exists with respect to plaintiff's failure to mitigate her damages.  Defendant's motion for summary judgment will be denied with respect to this claim.

E.   Conclusion

Based on the foregoing all of plaintiffs' causes of action for discreet acts of discrimination which occurred prior to August 26, 2004, are time-barred.  Genuine issues of material fact exists with respect to plaintiff's claims for discriminatory termination and loss of wages.  Plaintiff's breach of contract claim will be dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET M. FRALIN, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | No. 06-2421 |
| v. | : | |
| | : | |
| C AND D SECURITY, INC. A/K/A | : | |
| C AND D SECURITY, | : | |
| Defendant. | : | |

ORDER

AND NOW, this 6th day of June 2008, upon consideration of defendant's motion to dismiss, plaintiff's response, and the reply thereto and sur-reply thereto defendant's motion for summary judgment is GRANTED in part and DENIED in part.  Defendant's motion for summary judgment is GRANTED with respect to plaintiff's breach of contract claim.  Defendant's motion for summary judgment is GRANTED with respect to all claims for discrimination which occurred prior to August26, 2004.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied with respect to plaintiff's claims for discriminatory termination.  Defendant's motion for summary judgment is also denied with respect to plaintiff's claim for lost wages.

/s/ Thomas N. O'Neill

THOMAS N. O'NEILL,  J.